UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 10-206-JBC

DARRELL STEWART,                                                                    PLAINTIFF,

V.                              **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                     DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment. R.11, 12. The plaintiff, Darrell Stewart, bought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Supplemental Security Income (SSI) benefits. The court, having reviewed the record and being otherwise sufficiently advised, will grant the Commissioner's motion and deny Stewart's.

Stewart was a forty-eight-year-old male with an eighth-grade education at the time of the alleged disability onset date. Administrative Record 105. Stewart has no relevant work experience. AR 17. Stewart alleges disability beginning on December 15, 2006, due to back pain, heart trouble, bilateral arm pain, and inability to read and write. AR 105, 118. His claim was denied initially on July 25, 2007, and upon reconsideration on November 20, 2007. *Id.* Following a hearing on October 20, 2008, Administrative Law Judge (ALJ) Robert L. Erwin determined Stewart did not suffer from a disability as defined by the Social Security Act. AR

1

11. At Step 1, *see Preslar v. Secretary of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R § 404.1520, the ALJ found that Stewart had not engaged in substantial gainful activity since the date of the alleged onset of disability. AR 12. At Step 2, the ALJ found that Stewart had the following severe impairments: cervical and lumbar degenerative disc disease, coronary artery disease, status-post angioplasty times three, hypertension, depression, anxiety, borderline intellectual functioning, and a learning disorder. AR 12. The ALJ then determined at Step 3 that Stewart's impairments, singly or in combination, do not meet or medically equal a listing in the Listing of Impairments. AR 14. At Step 4, the ALJ found Stewart has no past relevant work. AR 17. The ALJ concluded at Step 5 that jobs exist in significant numbers in the national economy that Stewart can perform and he then denied Stewart's claim for DIB and SSI. AR 18. On January 30, 2010, the Appeals Council denied Stewart's timely request for review and he filed an appeal with this court.

Stewart claims that the ALJ's decision was not supported by substantial evidence for the following reasons: (1) the ALJ improperly ignored the overwhelming weight of treating and examining physician opinions which show he is totally disabled; (2) the ALJ improperly ignored lay testimony which shows he is totally disabled; (3) the ALJ erred in failing to apply the Sixth Circuit pain standard; (4) the vocational expert's testimony shows he is totally disabled.

  **A.**  **Weight of Treating and Examining Physician Opinions**

The ALJ properly determined that the weight of the treating and examining physicians's opinions do not show that Stewart is totally disabled. None of Stewart's treating physicians gave him any restrictions with regard to his physical conditions, which is substantial evidence for a finding that Stewart is not disabled. *Longworth v. Comm'r, Soc. Sec. Admin.*, 402 F.3d 596 (6th Cir. 2005). To the contrary, Dr. Chatterjee, a medical specialist treating Stewart for hypertension, advised him to engage in regular sustainable exercise (AR 619), and Dr. Mick, the treating neurosurgeon for plaintiff's cervical degenerative disc disease and mild lumbar degenerative disc disease, referred the plaintiff for physical therapy without noting any physical restrictions or limitations (AR 601). With regard to mental limitations, Dr. Sharkey, an examining psychologist, and state agency psychologists opined several limitations, which the ALJ more than accounted for in his residual functional capacity (RFC), but did not state Stewart was totally disabled. Further, Stewart does not specify which physician's opinions show him to be totally disabled. See *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490-491 (6th Cir. 2006) (court declined to "formulate arguments" on claimant's behalf when they were not developed in the claimant's brief).

**B.    Lay Testimony**

The ALJ properly considered the lay testimony of Stewart's brother Henry Stewart insofar as it was consistent with objective medical evidence. *Lashley v. Sec' of Health & Human Servs*., 708 F.2d 1048, 1054 (6th Cir.1983). Henry Stewart's testimony confirms the ALJ's findings that Darrell Stewart suffered from

cervical and lumbar degenerative disc disease, coronary artery disease, status-post angioplasty times three, hypertension, depression, anxiety, borderline intellectual functioning, and a learning disorder. AR. 47-49. However, to the extent Henry Stewart's testimony suggests that Darrell Stewart is unable to work and is totally disabled, it contradicts the objective medical testimony, and the ALJ properly did not give it weight.

The ALJ also had an adequate basis to discount Darrell Stewart's credibility. His testimony conflicts with the medical record at points, such as when he testified that his neurosurgeon, Dr. Mick, recommended surgery for spinal pain, as physical therapy would likely not be of any benefit (AR 12) whereas the record indicates it is Dr. Mick's opinion that surgery is unnecessary and Stewart should attend physical therapy (AR 17, 32-33, 601-03). Stewart also claimed that he has supported himself for the last 15 years by playing poker. AR 17. Further, Stewart's daily and social activities do not support his claims of disability, as Stewart testified that he was able to shop, cook, drive, attend church, care for his 11-year-old son, and manage his finances, and he could lift forty to fifty pounds if necessary. AR 17, 37; *see Blacha v. Sec. of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). Thus, the court will not disturb the ALJ's credibility finding.

  C. **Sixth Circuit Pain Standard**

The ALJ correctly applied the Sixth Circuit two-prong test when assessing Stewart's subjective claims of disabling pain. *Felisky v. Bowen*, 35 F.3d 1027,

4

1038–39 (6th Cir.1994). While the ALJ determined that there is objective medical evidence of an underlying medical condition, the medical evidence did not support the severity of the alleged pain. *Id.* Stewart's spinal x-rays and MRI scans revealed only mild and diffuse degenerative disc disease, without any evidence of nerve root or spinal cord impingement. AR 16. Stewart has received only conservative treatment for his pain and inflammation and has not been recommended for surgery or steroid injections. *Id.* Further, the record does not indicate that Stewart has required any treatment from mental health professionals or has significant affective distress, memory or concentration loss, or deficits of social skills. AR 17. The RFC determined by the ALJ takes into account Stewart's complaints of back pain by limiting him to light exertion activity. While Stewart correctly cites the "checklist of factors" from *Felisky*, he fails to assess the relevance of these factors to the ALJ's finding. *Felisky*, 35 F.3d at 1039-40. No evidence from the record supports any contention that the ALJ misapplied these factors.

### D. Vocational Expert Testimony

The ALJ correctly relied on the testimony from the vocational expert to determine that Stewart is able to do work even considering his residual functional capacity, age, education and work experience under Step 5 of the five-part sequential evaluation process for determining whether an individual is disabled. *Preslar v. Sec. of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R § 404.1520. The ALJ asked the vocational expert hypothetical questions, which were more than sufficient to accurately portray Stewart's impairment, *Early*

5

*v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010), and the vocational expert cited numerous positions in significant numbers in the region that Stewart was capable of performing. AR 18, 50-51. While the vocational expert did state that the requirement that Stewart lie down during shift or miss three days of work or more a month would eliminate all jobs, the record supports the ALJ's finding that Stewart would not require those limitations. AR 53.

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Stewart's motion for summary judgment (R. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (R. 12) is **GRANTED**.

A separate judgment will enter accordingly.

Signed on September 16, 2011



JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY